UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

CASE NO.:

STEVEN LAMONT MARKOS,

    Plaintiff,

v.

ALISSA'S FLOWERS, INC.,

    Defendant.

**JURY TRIAL DEMANDED**

### COMPLAINT FOR COPYRIGHT INFRINGEMENT
### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff STEVEN LAMONT MARKOS by and through his undersigned counsel, brings this Complaint against Defendant ALISSA'S FLOWERS, INC. for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff STEVEN LAMONT MARKOS ("Markos") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Markos' original copyrighted Work of authorship.

2. Markos owns and operates the website, National Park Planner, located at the URL www.npplan.com. Markos started National Park Planner in 2014 to bring first-hand coverage of the over 400 National Parks that make up America's National Park System to the public. This includes summaries of the park's amenities and professional photographs of the terrain.

3. Defendant ALISSA'S FLOWERS, INC. ("Alissa's Flowers") is a florist store specializing in floral arrangements, gift baskets, and flower subscriptions. At all

SRIPLAW
California ♦ Georgia ♦ Florida ♦ Tennessee ♦ New York

times relevant herein, Alissa's Flowers owned and operated the internet website located at the URL www.alissasflowers.com (the "Website").

4. Markos alleges that Alissa's Flowers copied Markos' copyrighted Work from the internet in order to advertise, market and promote its business activities. Alissa's Flowers committed the violations alleged in connection with Alissa' Flowers's business for purposes of advertising and promoting sales to the public in the course and scope of the Alissa's Flowers's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in Missouri.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

9. Alissa's Flowers, Inc. is a Missouri Corporation, with its principal place of business at 114 S. main St., Ste. 100, Independence, MO 64050, and can be served by serving its Registered Agent, K. Martin Kuny, 114 S. Main St., Ste. 100, Independence, MO 64050.

## THE COPYRIGHTED WORK AT ISSUE

|   |   |   |
|---|---|---|
|   |   |   |

10. In 2017, Markos created the photograph entitled "Independence-009", which is shown below and referred to herein as the "Work".



11. Markos registered the Work with the Register of Copyrights on July 5, 2017 and was assigned the registration number VA 2-058-977. The Certificate of Registration is attached hereto as Exhibit 1.

12. Markos' Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

13. At all relevant times Markos was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

14. Alissa's Flowers has never been licensed to use the Work at issue in this action for any purpose.

15. On a date after the Work at issue in this action was created, but prior to the filing of this action, Alissa's Flowers copied the Work.

16. Alissa's Flowers copied Markos' copyrighted Work without Markos' permission.

17. On or about August 1, 2022, Markos discovered the unauthorized use of his Work on the Website.

18. After Alissa's Flowers copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its flower business.

19. Alissa's Flowers copied and distributed Markos' copyrighted Work in connection with Alissa's Flowers' business for purposes of advertising and promoting Alissa's Flowers' business, and in the course and scope of advertising and selling products and services.

20. Markos' Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

21. Alissa's Flowers committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

22. Markos never gave Alissa's Flowers permission or authority to copy, distribute or display the Work at issue in this case.

23. Markos notified Alissa's Flowers of the allegations set forth herein on October 18, 2022. To date, the parties have failed to resolve this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

24. Markos incorporates the allegations of paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. Markos owns a valid copyright in the Work at issue in this case.

26. Markos registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

27. Alissa's Flowers copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Markos' authorization in violation of 17 U.S.C. § 501.

28. Alissa's Flowers performed the acts alleged in the course and scope of its business activities.

29. Alissa's Flowers's acts were willful.

30. Markos has been damaged.

31. The harm caused to Markos has been irreparable.

WHEREFORE, the Plaintiff Steven LaMont Markos prays for judgment against the Defendant Alissa's Flowers, Inc. that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendant be required to pay Plaintiff his actual damages and Alissa's Flowers's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

d. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

e. Plaintiff be awarded pre- and post-judgment interest; and

f. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: July 14, 2023                Respectfully submitted,

*/s/Richard A. Voytas, Jr.*
RICHARD A. VOYTAS, JR.
Missouri Bar Number 52046
rick@voytaslaw.com

**VOYTAS LAW**
7321 South Lindbergh Boulevard
Suite 400B
St. Louis, MO 63125
314.380.3166 – Telephone

*Counsel for Plaintiff Steven Lamont Markos*